**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INTERNATIONAL UNION OF PAINTERS &**
**ALLIED TRADES, DISTRICT COUNCIL NO. 4;**

**FRANK A. VETRONE, MICHAEL HOGAN,**
**DANIEL LAFRANCE, MICHAEL DEMS,**
**DANIEL JACKSON, EARL R. HALL, BERNARD**
**CLEMENT and TONY MARIANO, as Trustees of**
**the Central New York Painters & Allied Trades**
**Defined Benefit Pension Trust Fund;**

**MICHAEL HOGAN, MICHAEL DEMS, DANIEL**
**LAFRANCE, TODD ROTUNNO, DOMINIC**
**ZIRILLI, BRIAN LIPCZYNSKI, AARON HILGER,**
**JOSEPH KNARR, JOHN LIGNOS, ALLEN**
**RICHARDS, JIM STATHOPOULOUS and**
**MARTHA GOMEZ, as Trustees of the Painters**
**District Council No. 4 Health & Welfare Fund;**

**MICHAEL HOGAN, MICHAEL DEMS, DANIEL**
**LAFRANCE, TODD ROTUNNO, DOMINIC**
**ZIRILLI, BRIAN LIPCZYNSKI, ALLEN RICHARDS,**
**PAUL SCOURAS, JEFFREY STURTZ, MARTHA**
**GOMEZ and SCOTT VERRALL, as Trustees of the**
**Painters District Council No. 4 Finishing Trades**
**Institute of Western and Central New York; and**

**MICHAEL HOGAN, MICHAEL DEMS, DANIEL**
**LAFRANCE, TODD ROTUNNO, DOMINIC**
**ZIRILLI, BRIAN LIPCZYNSKI, CHRISTINE**
**INLUXAY, JOHN LIGNOS and JOSEPH KNARR,**
as Trustees of the Painters District Council No. 4
Labor Management Cooperative Initiative Trust
Fund,

                              **Plaintiffs,**


              **v.**                                    **5:19-CV-1406**
                                                        **(FJS/ML)**

**HOSEK CONTRACTORS, INC. d/b/a**
**EASTERN PAINTING COMPANY, and**

**FRANCIS L. HOSEK,**

                                    **Defendants.**
_____

**APPEARANCES**                          **OF COUNSEL**

**LIPSITZ GREEN SCIME**                  **JOSEPH L. GUZA, ESQ.**
**CAMBRIA, LLP**
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Attorneys for Plaintiffs

**HOSEK CONTRACTORS, INC.**               **NO APPEARANCE**
**d/b/a EASTERN PAINTING**
**COMPANY**
Defendant

**FRANCIS L. HOSEK**                      **NO APPEARANCE**
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Pending before the Court is Plaintiffs' motion pursuant to Rule 55(b)(2) of the Federal Rules

of Civil Procedure for entry of a default judgment against Defendants.  *See* Dkt. No. 8.  Plaintiffs

commenced this action on November 14, 2019, by filing a complaint.  *See* Dkt. No. 1.  Plaintiffs

effected service on Defendant Hosek Contractors, Inc., d/b/a Eastern Painting Company ("Eastern")

on November 21, 2019, *see* DKt. No. 4, and on Defendant Hosek on November 22, 2019, *see* Dkt.

No. 5.

Defendants neither answered nor otherwise appeared within the required time frame.

Therefore, on December 20, 2019, Plaintiffs filed a request for Clerk's Entry of Default pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, *see* Dkt. No. 6, which the Clerk entered on December 23, 2019, *see* Dkt. No. 7.

Plaintiffs seek a default judgment, including injunctive relief, against Defendants. According to the complaint, Defendant Eastern is "an employer within the meaning of Sections 3(5) and 515 of ERISA [29 U.S.C. §§ 1002(5) and 1145], and has been an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185)." *See* Dkt. No. 1, Complaint, at ¶ 16. Furthermore, Plaintiffs allege that Defendant Hosek "is and has been the controlling officer and managing agent of Defendant [Eastern] and a fiduciary within the meaning of Section 3(21) of ERISA [29 U.S.C. ¶¶ 1002(21)(A)] with respect to contributions to the Funds that are currently due and owing and which may become due and owing to the Funds from Defendant [Eastern] during the pendency of this action." *See id.* at ¶ 18.

Moreover, Plaintiffs assert that Defendant Eastern "is signatory to a collective bargaining agreement with Plaintiff Union, effective May 1, 2017 through April 30, 2020 (the "CBA")." *See id.* at ¶ 20 (citing [Exhibits A and B]). According to Plaintiffs, "[p]ursuant to the terms of the CBA, Trust Agreements and Collection Policy, Defendant [Eastern] is required, *inter alia*, to" do the following:

> [(1)] File contribution reports (sometimes referred to as "Remittance Reports") with the Funds by the fifteenth (15th) day of the month following the month during which the work covered by the applicable CBA (hereinafter referred to as "covered work") was performed; and
>
> [(2)] Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the Health Fund at the rates set forth in the CBA for all hours of work performed by Defendant [Eastern's] employees covered by the CBA; and

[(3)] Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the DC4 FTI at the rates set forth in the CBA for all hours of work performed by Defendant [Eastern's] employees covered by the CBA; and

[(4)] Pay by the fifteenth (15th) day of the month following the month during which the covered work was performed monetary contributions to the STAR Fund at the rates set forth in the CBA for all hours of work performed by Defendant [Eastern's] employees covered by the CBA; and

[(5)] Pay monetary contributions to the CNY Pension Fund at the rates set forth in the CBA for all hours of work performed by Defendant [Eastern's] employees covered by the CBA within 45 days following the month during which the covered work was performed; and

[(6)] Deduct Union membership dues and dues assessments from the wages of each of its employees performing covered work at the rates set forth in the CBA and remit such deducted Union membership dues to Plaintiff Union by the fifteenth (15th) day of the month following the month during which the covered work was performed by [Eastern's] employees[; and]

[(7)] Submit to a payroll audit conducted by Plaintiffs' accountants to determine or verify the amounts due and owing the Funds under the CBA.

*See id.* at ¶ 30.

Plaintiffs assert that, pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, Defendant Eastern is required to pay employee fringe benefit contributions to Plaintiffs in accordance with the terms and conditions of the CBA and that its failure to make such payments constitutes a violation of the CBA and 19 U.S.C. § 1145. *See id.* at ¶¶ 33-34.  In addition, Plaintiffs contend, in their first claim for relief, that pursuant to the CBA and Trust Agreement, Defendant Eastern must pay contributions to the CNY Pension Fund at the rates set forth in the CBA for all hours worked by its

-4-

employees covered by the CBA and that, as the principal officer and managing agent of Defendant Eastern, Defendant Hosek had the authority to and did make decisions as to how Defendant Eastern's assets would be distributed, including, among other things, which of its creditors, Defendant Eastern would or would not pay. *See id.* at ¶¶ 42, 44. Plaintiffs assert that Defendant Eastern employed Union members during the period July 1, 2018, through March 27, 2019, who performed work for Defendant Eastern covered by the CBA. *See id.* at ¶ 45. Furthermore, Plaintiffs contend that Defendant Hosek breached his fiduciary duty with respect to the Funds by failing to effect payment from Defendant Eastern to the Funds for covered work performed by Defendant Eastern's employees during the period July 1, 2018, through March 27, 2019, in violation of ERISA, 29 U.S.C. § 1109. *See id.* at ¶ 50.

Plaintiffs further allege that Defendant Eastern's failure to make payments due or timely effect payment of employee fringe benefit contributions to the CNY Pension Fund violated the CBA, the applicable Trust Agreements, 29 U.S.C. § 301, and ERISA, 29 U.S.C. § 1145. *See id.* at ¶ 51. Thus, according to Plaintiffs' estimate, Defendants are liable to them for (1) unpaid CNY Pension Fund contributions in the amount of $6,364.62 for covered work performed by Defendant Eastern's employees during the period July 1, 2018, through March 27, 2019; interest on the unpaid and/or untimely paid contributions in the amount of $883.86 at the rate of one and one-half percent (1.5%) per month, compounded monthly; liquidated damages in the amount of $1,272.92, which is equal to 20% of the delinquent contributions to the CNY Pension Fund; and reasonable attorney's fees and costs that Plaintiffs incurred in this action. *See* Complaint at ¶ 52.

With regard to their second claim for relief against Defendants for delinquent employee fringe benefit contributions to the Health Fund and DC4 FTI, Plaintiffs allege that Defendant Eastern failed

to pay certain contributions to the Health Fund and DC4 FTI, as required by the CBA, for work performed by its employees during the period July 1, 2018, through March 27, 2019, and that this failure constituted a violation of the CBA, the Trust Agreements for the Health Fund and the DC4 FTI, 29 U.S.C. § 301 and ERISA, 29 U.S.C. § 1145.  *See id.* at ¶¶ 58, 63.  Thus, according to Plaintiffs' estimate, pursuant to the CBA and ERISA, 29 U.S.C. § 1132, Defendants are jointly and severally liable to Plaintiffs for (1) delinquent employee fringe benefit contributions to the Health Fund and DC4 FTI in the amount of $23,222.67 for covered work performed by Defendant Eastern's employees during the period July 1, 2018, through March 27, 2019; interest on the unpaid and/or untimely paid contributions in the amount of $3,351.14 calculated at the rate of one percent (1.0%) per month, compounded monthly; and reasonable attorney's fees and costs that Plaintiffs incurred in this action.  *See id.* at ¶ 64.

With regard to their third claim for relief, Plaintiffs assert that Defendant Eastern failed to remit contributions to the STAR Fund for work performed by its employees covered by the CBA during the period July 1, 2018, through March 27, 2019, *see id.* at ¶ 67, and that its failure to do so violated the CBA, the Trust Agreement for the STAR Fund, 29 U.S.C. § 301, and ERISA, 29 U.S.C. § 1145, *see id.* at ¶ 68.  Thus, according to Plaintiffs' estimate, Defendant Eastern is liable to Plaintiffs for delinquent contributions to the STAR Fund of $487.13 for covered work performed by Defendant Eastern's employees during the period July 1, 2018, through March 27, 2019; interest on the unpaid and/or untimely paid contributions in the amount of $69.08, calculated at the rate of one percent (1%) per month, compounded monthly; and reasonable attorney's fees and costs that Plaintiffs incurred in this action.  *See id.* at ¶ 69.

With regard to their fourth claim for relief, Plaintiffs assert that, pursuant to the CBA,

-6-

Defendant Eastern must pay monies withheld from its employees' wages in the form of membership dues and dues assessments to Plaintiff Union for all hours worked by its employees covered by the CBA but failed to do so for covered work performed by its employees during the period July 1, 2018, through March 27, 2019.  *See id.* at ¶¶ 71, 73.  Thus, according to Plaintiffs' estimate, Defendant Eastern is liable to Plaintiffs for unpaid members dues and dues assessments in the amount of $3,694.03 for covered work performed by its employees during the period July 1, 2018, through March 27, 2019; interest on the unpaid and/or untimely paid contributions in the amount of $528.53 calculated at the rate of one percent (1%) per month, compounded monthly; and reasonable attorney's fees and costs that Plaintiffs incurred in this action.  *See id.* at ¶ 74.

Finally, in their fifth claim of relief, Plaintiffs assert that, pursuant to ERISA, the CBA, the Trust Agreements and the Collection Policy, they are entitled to conduct an audit of Defendant Eastern's payroll records and reports to determine or verify the amounts due and owing to the Funds. *See id.* at ¶ 76.  Therefore, Plaintiffs request injunctive relief requiring Defendant Eastern to submit to an audit of its payroll records by Plaintiffs' accountants and requiring Defendants to pay any and all delinquent contributions revealed by the audit, together with interest, attorney's fees, audit fees and liquidated damages.  *See id.* at ¶ 81.

## II. DISCUSSION

### A.  Default judgment standard

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 503 (2d Cir. 2011).  First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a) (providing

that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases[.]"  Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing, among other things, that "[a] party shall accompany a motion to the Court for the entry of a default judgment pursuant to Red. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . . , a **proposed form of default judgment**, and a copy of the pleading to which no response has been made").

## B.    Liability

By failing to answer or otherwise defend this action, Defendants are deemed to have admitted the factual allegations in the complaint.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief."  *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir.

2009)) (other citation omitted).

Based on its review of the allegations in the complaint, the Court finds that Plaintiffs have stated a valid claim for relief.

## C.    Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40).  A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because

damages are calculable under ERISA, 29 U.S.C. § 1152(g)(2), based on the detailed affidavits and

documentary evidence that Plaintiffs have provided.

### III. CONCLUSION

Having reviewed the entire file in this matter, Plaintiffs' submissions, and the applicable law,

and, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendants, *see* Dkt.

No. 8, is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs are awarded judgment against Defendants, for the sum of

**$47,722.58**, plus interest on that amount from the date of entry of judgment to the date of payment

at the rate provided for by 28 U.S.C. § 1961(a), which includes the following:

(1) **$15,216.04**, which amount includes **$6,364.62** in delinquent benefit funds contributions, including contributions to the CNY Pension Fund, for the period July 1, 2018, through March 27, 2019, **$1,065.60** in interest on the delinquent contributions calculated at the rate of 1.5% per month, compounded monthly, **$1,272.92** in liquidated damages calculated at 20%, and **$6,512.90** in attorney's fees on Plaintiffs' first claim for relief against Defendants jointly and severally;

(2) **$27,552.43**, which amount includes **$23,222.67** in delinquent benefit funds contributions, including contributions to the Health Fund and the DC4 FTI, for the period July 1, 2018, through March 27, 2019, and **$4,329.76** in interest on the delinquent contributions calculated at the rate of 1% per month, compounded monthly, on Plaintiff's second claim for relief against Defendants jointly and severally;

(3) **$576.44**, which amount includes **$487.13** in delinquent contributions to the STAR Fund for the period July 1, 2018, through March 27, 2019, and **$89.31** in interest on the delinquent contributions calculated at the rate of 1% per month, compounded monthly, on Plaintiff's third claim for relief against Defendant Eastern; and

-10-

(4) **$4,377.67**, which amount includes **$3,694.03** in unremitted union membership dues withheld from the wages of Defendant Eastern's employees for the period July 1, 2018, through March 27, 2019, and **$683.64** in interest on the unremitted union membership dues calculated at the rate of 1% per month, compounded monthly, on Plaintiff's fourth claim for relief against Defendant Eastern; and the Court further

ORDERS that, with regard to Plaintiffs' fifth claim for relief, Defendants shall produce their books and records for Plaintiffs' review and audit, pay the costs and expenses of the audit and the auditor's fees, and pay all attorney's fees incurred in obtaining the audit; and the Court further

ORDERS that the Court shall retain jurisdiction in this matter until Plaintiffs complete their audit of Defendants' books and records and apply for entry of judgment on the delinquent contributions revealed by the audit, along with interest due thereon; and the Court further

ORDERS that, **within thirty (30) days of the completion of the audit**, **and in no event later than ninety (90) days after entry of this Memorandum-Decision and Order**, Plaintiffs shall move for entry of judgment against Defendants for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest, costs and fees of the audit and any attorney's fees and costs incurred in obtaining the audit; and the Court further

ORDERS that Plaintiffs shall serve a copy of this Memorandum-Decision and Order on Defendants by certified mail return receipt requested and shall file affidavits of service, together with the certified mail receipts, demonstrating that service has been effected; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against

Defendants consistent with this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: June 15, 2020
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Judge