UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

INT'L UNION OF PAINTERS & ALLIED TRADES,
DISTRICT COUNCIL NO. 4;

FRANK A. VETRONE, MICHAEL HOGAN, DANIEL
LAFRANCE, MICHAEL DEMS, DANIEL JACKSON,
EARL R. HALL, BERNARD CLEMENT, and TONY
MARIANO, as Trustees of the Central New York Painters
& Allied Trades Defined Benefit Pension Trust Fund;

MICHAEL HOGAN, DANIEL LAFRANCE, MICHAEL
DEMS, TODD ROTUNNO, DOMINIC ZIRILLI, BRIAN
LIPCZYNSKI, AARON HILGER, JOSEPH KNARR,
JOHN LIGNOS, ALLEN RICHARDS, JIM
STATHOPOULOUS, and MARTHA GOMEZ, as Trustees
of the Painters District Council No. 4 Health & Welfare Fund;

MICHAEL HOGAN, DANIEL LAFRANCE, MICHAEL
DEMS, TODD ROTUNNO, DOMINIC ZIRILLI, BRIAN
LIPCZYNSKI, ALLEN RICHARDS, MARTHA GOMEZ,
PAUL SCOURAS, JEFFREY STURTZ, and SCOTT
VERRALL, as Trustees of the Painters District Council No. 4
Finishing Trades Institute of Western and CNY; and

MICHAEL HOGAN, DANIEL LAFRANCE, MICHAEL
DEMS, TODD ROTUNNO, DOMINIC ZIRILLI, BRIAN
LIPCZYNSKI, JOSEPH KNARR, JOHN LIGNOS, and
CHRISTINE INLUXAY, as Trustees of the Painters District
Council No. 4 Labor Mgmt. Coop. Initiative Trust Fund,

          Plaintiffs,

5:19-CV-1406
(FJS/ML)

v.

HOSEK CONTRACTORS, INC., doing business as
Eastern Painting Company; and FRANCIS L. HOSEK,

          Defendants.

_____

| | |
|---|---|
| APPEARANCES: | OF COUNSEL: |
| LIPSITZ GREEN SCIME CAMBRIA LLP<br>  Counsel for the Plaintiffs<br>42 Delaware Avenue, Suite 120<br>Buffalo, New York 14202 | JOSEPH L. GUZA, ESQ. |

MIROSLAV LOVRIC, United States Magistrate Judge

## **DECISION and ORDER**

This action was commenced on November 14, 2019, by Plaintiffs pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") as amended (29 U.S.C. §§ 1132(a)(3) and 1145), and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), for breach of contract, injunctive, and other equitable relief. (Dkt. No. 1.). On December 23, 2019, the Clerk of the Court entered default against Defendants Francis L. Hosek and Hosek Contractors, Inc. ("Defendants") pursuant to Fed. R. Civ. P 55(b)(1). (Dkt. No. 7.) On January 3, 2020, Plaintiffs moved for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 8.)

On June 15, 2020, Senior United States District Judge Frederick J. Scullin granted Plaintiffs' motion for default judgment in the amount of $47,722.58 plus interest against Defendants. (Dkt. No. 10.) Judge Scullin's order also required that Defendants produce books and records for review and an audit. (*Id*.) On June 15, 2020, judgment was entered in favor of Plaintiffs. (Dkt. No. 11.)

On June 16, 2020, pursuant to Fed. R. Civ. P. 25(a)(1), Plaintiffs filed a suggestion of death regarding Defendant Francis L. Hosek during the pendency of the action. (Dkt. No. 12.) The suggestion of death was electronically filed on the record using the Court's CM/ECF system

2

but Plaintiffs were unable to serve Defendants due to Defendant Hosek being deceased.  (Dkt. No. 12, Attach. 2.)

On June 17, 2020, Judge Scullin (1) granted Plaintiffs' request for an extension of time to identify Defendant Hosek's estate and file a motion to amend the judgment, and (2) stayed the audit deadlines.  (Dkt. No. 13.)  On July 20, 2020, Judge Scullin granted Plaintiffs' second request for an extension of time to file a motion to amend the judgment.  (Dkt. No. 15.)

On October 7, 2020, Plaintiffs filed a motion to substitute, which is currently pending before the Court.  (Dkt. No. 16.)  A response to Plaintiffs' motion was due by November 17, 2020.  (Notice of hearing dated 11/13/2020.)  To date, no response has been filed.  (*See generally* docket sheet.)

Plaintiffs seek to substitute Wendy S. Lougnot, Public Administrator for Onondaga County, as Administrator for the Estate of Francis L. Hosek, for Defendant Francis L. Hosek. (Dkt. No. 16, Attach. 1 at ¶ 7.)  Plaintiffs also request that the Court vacate Judge Scullin's Order dated June 15, 2020 (Dkt. No. 10), and the judgment issued on June 15, 2020 (Dkt. No. 11), and issue a new order against Defendants including Wendy S. Lougnot, Pubic Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek.  (Dkt. No. 16, Attach. 1 at ¶ 8.)

As an initial matter, a motion to substitute a party cannot be made until after a formal written statement of fact of death has been filed with the Court and served on the involved parties.  *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 469-70 (2d Cir. 1998); *see* Moore's Federal Practice § 25.13(1), (2)(b) (3d ed. 2008) (Rule 25 "implies that the statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court."); *see also* Fed. R. Civ. P. 25(a)(3) ("A statement noting death

must be served in the same manner" as a motion to substitute, which "must be served on the parties as provided in Rule 5.").

As set forth above, Plaintiffs have filed and served the requisite Suggestion of Death by filing it on the Court's electronic filing system CM/ECF. (Dkt. No. 12; Dkt. No. 12, Attach. 2.) In addition, pursuant to Fed. R. Civ. P. 5(a)(2), no service is required on a party who is in default for failing to appear.  Therefore, this requirement has been fulfilled.[1]

When determining a motion to substitute a party, a court must also decide (1) whether the motion is timely, (2) whether the movant's claims have been extinguished by the death, and (3) whether the movant proposes a proper party for substitution.  *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 136-37 (E.D.N.Y. 2012) (citing *Roe v. City of New York,* 00-CV-9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003)).

Pursuant to Fed. R. Civ. P. 25(a)(1), in the case of death, a motion to substitute must be made within ninety days after service of a statement noting the death.  However, a court may

---

[1]   The court acknowledges that, in this circuit, some courts have required that, in order for the ninety-day period to commence, the notice of death be, *inter alia,* served upon "'other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.'" *Compare Vail v. Smith,* 12-CV-0234, 2015 WL 792224, at *4 (N.D.N.Y. Feb. 25, 2015) (Suddaby, J., *adopting report and recommendation by* Treece, M.J.) (quoting *Winthrow v. Taylor,* 05-CV-1129, 2007 WL 3274858, at *2-3 (N.D.N.Y. Nov. 5, 2007) (Hurd, J., *adopting report and recommendation by* DiBianco, M.J.)), *with Baron v. Miller*, 13-CV-0153, 2015 WL 1788945, at *3, n.3 (N.D.N.Y. Apr. 20, 2015) (Scullin, J., *adopting report and recommendation by* Peebles, M.J.) (finding that service of the suggestion of death upon the decedent's successor or representative was not necessary to recommend dismissal of the decedent where more than ninety days elapsed since the filing of the suggestion of death and neither party moved to substitute another representative).  However, a recent Second Circuit decision resolved this conflict and held that "if a statement of death need not even *identify* the representative—and indeed, that a representative need not even *exist* at the time of service—for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative." *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021) (citing *Unicorn Tales*, 138 F.3d 467).

grant an extension of time to file the motion for substitution based on good cause if the request is made before the original deadline. *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) (citing Fed. R. Civ. P. 6(b)(1)). Here, Plaintiffs properly sought—and were granted—extensions of the deadline to file a motion to substitute before the expiration of the deadline. (Dkt. No. 13; Dkt. No. 15.) As a result, Plaintiffs' motion to substitute was timely filed.

Plaintiffs claims were not extinguished by Defendant Hosek's death. *Natale*, 287 F.R.D. at 136 (finding that claims pursuant to ERISA are not extinguished after death); *Jimenez-Rodoli v. District 15 Machinist's Union*, 10-CV-8378, 2011 WL 4494555, at *1 (S.D.N.Y. Sept. 27, 2011) (quoting *Duchow v. New York State Teamsters Conference Pension and Retirement Fund*, 691 F.2d 74, 78 (2d Cir. 1982)) ("'ERISA is a remedial statute, enacted to protect the beneficiaries of retirement plans by reducing the risk of loss of pension benefits.' Since the claim asserted by [the plaintiff] against the [defendant] arises under ERISA, the claim is not extinguished as a result of his death."); *see also Gerber Trade Fin. Inc. v. J.A.D.E. Fisheries, Inc.*, 03-CV-1950, 2004 WL 626183, at *4 n.1 (S.D.N.Y. Mar. 29, 2004) (citing *Topal v. BFG Corp.*, 108 A.D.2d 849, 850 (N.Y. App. Div. 2d Dep't 1985)) ("A breach of contract claim is not extinguished in New York by a defendant's death.").

Proper parties for substitution include a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate. *Roe*, 2003 WL 22715832, at *2; *see J.K. v. Springville-Griffith Inst. C. Sch. Dist. Bd. of Educ.*, 02-CV-0765, 2005 WL 711886, at *5 (W.D.N.Y. March 28, 2005) ("A proper party under Rule 25 must be a legal representative of the deceased."). Plaintiffs seek to substitute Wendy S. Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek for

5

Defendant Francis L. Hosek, and attached Letters of Administration to their motion.  (Dkt. No. 16, Attach. 1 at ¶ 7; Dkt. No. 16, Attach. 2 at 2-3.)

The language of Fed. R. Civ. P. 25(a)(1) is permissive.  It provides: "If a party dies and the claim is not extinguished, the court *may* order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  As one circuit court has noted, "[t]he decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves."  *Froning's, Inc. v. Johnston Feed Serv., Inc.,* 568 F.2d 108, 110 n.4 (8th Cir. 1978).  However, the Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted.  *See* Fed. R. Civ. P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution."). "Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."  *Garcia v. City of New York,* 08-CV-2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009); *see also Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y. 2004) (Munson, J.) ("The law of the forum state determines the capacity of the parties to sue and be sued . . . .").

With regard to Wendy S. Lougnot in her capacity as Administrator of Francis L. Hosek's estate, there is no question that as Administrator of the decedent's estate, she is a proper party for substitution. *Graham,* 224 F.R.D. at 64 ("A 'representative' of the deceased party's estate is a proper party for substitution.").  New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent . . . ." N.Y. E.P.T.L. § 1-2.13; *see Allen ex rel. Allen,* 09-CV-0668, 10-CV-1319, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25,

2011) (holding that under New York law, "a 'representative' is usually the appointed administrator or executor of the decedent's estate."); *Garcia,* 2009 WL 261365, at *1 ("A 'representative' is defined as a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate."); *Shapiro v. United States,* 07-CV-0161, 2008 WL 4302614, at *1 (S.D.N.Y. Sept. 17, 2008) ("To qualify as the representative of the decedent's estate under New York law, the individual seeking substitution must have received letters to administer the estate of the decedent."). Any person to whom letters of administration have been issued is known as an "administrator" under New York law. N.Y. S.C.P.A. § 103(2).

As a result, the Court grants Plaintiffs' motion to substitute Wendy Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek for Defendant Francis L. Hosek. (Dkt. No. 16.)

Plaintiffs also request that the Court vacate its order dated June 15, 2020 (Dkt. No. 10), and judgment dated June 15, 2020 (Dkt. No. 11), and issue a new order against Defendants including Wendy S. Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek. (Dkt. No. 16, Attach. 1 at ¶ 8.) However, Plaintiffs fail to cite any legal authority for such relief. (*See generally* Dkt. No. 16.) As a result, Plaintiffs' request is denied without prejudice.[2]

**ACCORDINGLY**, it is

---

[2]  To the extent that Plaintiffs seek to amend the judgment, they must file a motion pursuant to Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60. Such a motion must also comply with the requirements of N.D.N.Y. L.R. 7.1(b)(1), which requires the inclusion of a memorandum of law.

**ORDERED** that Plaintiffs' motion to substitute Wendy Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek for Defendant Francis L. Hosek (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the Clerk replace Wendy Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek, for Defendant Francis L. Hosek, on the docket; and it is further

**ORDERED** that Plaintiffs' request that the Court vacate its order dated June 15, 2020 (Dkt. No. 10) and judgment dated June 15, 2020 (Dkt. No. 11) and issue a new order against Defendants including Wendy Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek, is **DENIED without prejudice**; and it is further

**ORDERED** that Clerk of the Court shall file a copy of this order on the docket and serve a copy on the parties in accordance with the local rules; and it is further

**ORDERED** that Plaintiffs shall serve a copy of this Decision and Order on Wendy Lougnot, Public Administrator for Onondaga County, as Administrator of the Estate of Francis L. Hosek, and file an affidavit of service.

Dated: April 12, 2021
Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge